UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT P. CLINE,

       Plaintiff,                           Case No. 4:16-cv-14332
                                              District Judge Linda V. Parker
v.                                             Magistrate Judge Anthony P. Patti

DERAMUS FRANCE,

       Defendant.

_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DE 15)

This matter is before the Court for consideration of Plaintiff Vincent P. Cline's motion for appointment of counsel. (DE 15.) For the reasons that follow, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE** to renewal after the case has proceeded past its initial stages.

I.     **BACKGROUND**

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings claims under 42 U.S.C. § 1983, alleging that Defendant, Corrections Medical Officer Deramus France, violated Plaintiff's Eighth Amendment right against cruel and unusual punishment by assaulting him on June 8, 2015 while he was housed at the Woodland Center Correctional Facility (WCC). Defendant France has been served

and has filed Affirmative Defenses (DE 13), to which Plaintiff has responded. (DE 14.)

Plaintiff filed the instant motion on June 16, 2017, asking the Court to appoint an attorney in this civil matter for five main reasons. (DE 15.) First, Plaintiff notes that he is indigent and not able to afford counsel. Second, he asserts that that the issues involved in this case are complex. Third, Plaintiff states that the prison limits the hours that he may have access to the prison library, and that he has limited knowledge of the law. Fourth, Plaintiff asserts he has a history of multiple mental illnesses, which make it difficult for him to effectively litigate this case. And fifth, he claims that the ends of justice would best be served if an attorney were appointed.

## II. ANALYSIS

As a preliminary matter, although Plaintiff styles his motion as one for appointment of counsel, the Court does not have the authority to appoint a private attorney for Plaintiff in this civil matter. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court ***may request*** an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1) (emphasis added). However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to ***recruit***

*counsel* under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases."). The appointment of counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004).[1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

---

[1] Although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

3

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this time. Plaintiff contends that he is indigent and unable to afford counsel and his imprisonment will limit his ability to litigate this case, including his ability to engage in discovery. Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances, even taking Plaintiff's claimed mental illness into account. Further, despite Plaintiff's claim to the contrary, the claims in Plaintiff's complaint to not appear to be particularly complex and are ably described by Plaintiff, involving an allegation of cruel and unusual punishment related to the claimed June 8, 2015 assault. Moreover, Plaintiff's Complaint illustrates his ability to articulate his claims and adequately communicate his requests to the Court in a coherent manner, and even the instant motion is clear in outlining his reasons for requesting the appointment of counsel.

(DE 15 at 3-5.) Finally, there is no indication that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this civil case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.** (DE 15.) Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: September 11, 2017

s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on September 11, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti