UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT P. CLINE,

        Plaintiff

v.

DERAMUS FRANCE,

        Defendant.

_____/

Case No. 4:16-CV-14332
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO TURN OVER MEDICAL AND PHOTOS [sic] RECORDS AND ALSO THE INVESTIGATION RECORDS IN THIS MATTER (DE 29)

Pending is Plaintiff's October 9, 2018 motion to compel Defendant to turn over medical and photos [sic] records and also the investigation records in this matter. (DE 29.) For the reasons that follow, Plaintiff's motion is **DENIED**.

Plaintiff, a state prisoner who is proceeding *in forma pauperis*, brings claims under 42 U.S.C. § 1983, alleging that Defendant, Corrections Medical Officer Deramus France, violated Plaintiff's Eighth Amendment right against cruel and unusual punishment by assaulting him on June 8, 2015 while he was housed at the Woodland Center Correctional Facility (WCC). Defendant France has been served and has filed Affirmative Defenses (DE 13), to which Plaintiff has responded. (DE 14.) This matter was referred to me for all pretrial purposes. (DE 7.)

On May 29, 2018, the Court entered a scheduling order, setting discovery and dispositive motion deadlines. (DE 21.) After all the deadlines in the scheduling order had passed, and there were no pending motions, I entered a certification of completion of pretrial proceedings on September 18, 2018 and returned this matter to the District Judge for further proceedings. (DE 25.)

On October 9, 2018, Plaintiff filed the instant motion. (DE 29.) In his motion, he asks the Court to order Defendant to respond to four requests, "pursuant to Rule 34, Fed. R. Civ. P." (DE 29 at 1.) To obtain documents, Plaintiff was required to follow the discovery process outlined in the Federal Rules of Civil Procedure. Rule 34 requires a party to request documents, after which the party to whom the request is made has thirty days to either provide the documents or to object to doing so, with reasons given as to the grounds for the objection(s). This stage of the process does not involve the Court. Plaintiff does not indicate in his motion that he previously attempted to obtain these items from Defendant during the discovery process, and that he filed the motion to compel them to provide items that had been improperly withheld pursuant to Federal Rule of Civil Procedure 37. Instead, he seems to have filed discovery requests with the Court before serving them upon Defendant. Pursuant to Rule 5, requests for documents "must not be filed until they are used in the proceeding or the court orders filing…." Fed. R.

Civ. P. 5(d); *see also* E.D. Mich. LR 26.2.  Accordingly, Plaintiff's motion is **DENIED**.

Alternatively, even if Plaintiff had properly sought documents from Defendant pursuant to Fed. R. Civ. P. 34, the Eastern District of Michigan's Local Rule 37.2 requires that, "Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion."  As that did not happen here, the Court has no way to evaluate the discovery responses or objections at issue.  Furthermore, even if Plaintiff had otherwise properly filed this motion pursuant to Fed. R. Civ. P. 37 and Local Rule 37.2, the May 29, 2018 Scheduling Order in this case expressly provides that discovery "must be completed on or before **August 3, 2018**[,]" and that **"motions relating to discovery, if any, shall be filed within the discovery period unless it is impossible or impracticable to do so."**  (DE 21 at 1-2 (emphases added).)  That deadline has passed, and this matter has been certified as ready for trial. Neither additional discovery nor the filing of discovery related motions will be permitted at this post-discovery stage of the proceedings.  This motion, filed after the close of discovery and past the discovery motion deadline, is therefore untimely.  "A district court enjoys broad discretion in managing

discovery[,]" and "may properly deny a motion to compel discovery where the motion was filed after the close of discovery." *Suntrust Bank v. Blue Water Fiber, L.P.*, 210 F.R.D. 196, 199 (E.D. Mich. 2002) (citing *Willis v. New World Van Lines, Inc.*, 123 F.Supp.2d 380, 401 (E.D. Mich. 2000)).  Plaintiff's motion is therefore alternatively **DENIED** for failure to comply with Local Rule 37.2 and as untimely.  Plaintiff is reminded that no further discovery will be permitted in this case.

   **IT IS SO ORDERED.**

Dated: October 12, 2018                    s/*Anthony P. Patti*
                                           Anthony P. Patti
                                           UNITED STATES MAGISTRATE JUDGE


**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on October 12, 2018, electronically and/or by U.S. Mail.

                                  s/Michael Williams
                                  Case Manager for the
                                  Honorable Anthony P. Patti